LONG, Presiding Judge.
The petitioners, C.D.M.[1] and S.D.,[2] filed this petition for a writ of mandamus, directing this Court to order the Honorable Sandra Ross Storm, circuit judge for the Tenth Judicial Circuit, to stay enforcement of the Community Notification Act (hereinafter referred to as “the Act” and codified at § 15-20-20 et seq., Code of Alabama 1975), as that Act applied to C.D.M., a juvenile. In 1996, C.D.M.,' then 12 years old, was adjudicated delinquent on the underlying offense of sodomy. C.D.M. was placed in the custody of the Alabama Department of Youth Services, and he participated in a residential treatment program. In August 1998, after the legislature amended the Act to designate juvenile offenses as “convictions” subject to the Act’s provisions, C.D.M. was ordered to submit to DNA testing. See 15-20-21(k), Code of Alabama 1975. At that time, C.D.M. was scheduled to be released to the custody of his mother, S.D. S.D. lives near a child-care center and a public school and also has minor children living with her.[3] C.D.M. and S.D. filed this petition for a writ of mandamus, requesting that we stay enforcement of the *898 Act and order Judge Storm to hold a full evidentiary hearing on the issues presented by the Act’s enforcement as to C.D.M.
C.D.M. and S.D. argue in the mandamus petition that the Act violates their constitutional rights because, C.D.M. contends, the Act is an ex post facto law, it violates the separation of powers doctrine, and it denies him equal protection of the law. S.D. argues that the Act negatively and unfairly impacts her family because it violates her First, Ninth, and Fourteenth Amendments rights, thereby violating her right to “familial association.”
On receipt of C.D.M.’s petition, we stayed enforcement of the Act temporarily. We ordered the respondent to answer the allegations contained in the petition and granted oral argument on the petition. After hearing oral argument, we directed Judge Storm to hold an evidentiary hearing and to make written findings of facts concerning the allegations raised in the petition. The stay continued in effect pending Judge Storm’s response.
Judge Storm has filed her written findings with this Court. Judge Storm found the Act to be unconstitutional as it applied to juveniles. Judge Storm also held that the Act violated the ex post facto clause of the Federal Constitution in that a 1998 amendment to the Act (See Act No. 98-489, Ala. Acts 1998) created a penalty that was not proscribed when C.D.M. was adjudicated delinquent in 1996. She further found the provisions of the Act relating to residency and notification requirements to be unconstitionally vague and found that the Act “interfere[d] with the right of parents and children to intimate association under the First, Ninth, and Fourteenth Amendments.”
A review of the petition filed with this Court and Judge Storm’s findings reflect that C.D.M. and S.D. have now received the relief they requested in the petition for the writ of mandamus. Judge Storm has declared the Act unconstitutional as it applies in this case, and there is therefore, no need to stay its enforcement. The petition is now moot.
We recognize the seriousness of the issues presented in this case and the widespread implications of Judge Storm’s holding. However, this Court has no authority to review Judge Storm’s ruling on this petition for the writ of mandamus. We note that the State has filed a direct appeal with this Court, challenging Judge Storm’s ruling that the Act is unconstitutional as applied in this case. That appeal is currently pending before this Court (docket no. CR-98-447). We further note that we are required to expedite juvenile appeals. See § 12-15-120(a), Code of Alabama 1975.[4],
For the foregoing reasons, this petition for the writ of mandamus is due to be dismissed.
PETITION DISMISSED.
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.

. We are today also releasing an opinion in a case styled Ex parte C.M., 727 So.2d 898 (Ala.Cr.App.1999). The youthful offender in that case is unrelated to C.D.M.

. S.D. is C.D.M.'s mother. She has been named a party to the action pursuant to § 12-15-31(5), Code of Alabama 1975. See Rule 31, Ala. R.Juv.P.

. Section 15 — 20—22(e) provides: "No criminal sex offender shall be allowed to establish a residence or accept employment within 1,000 feet of the property on which any public school, private or parochial school licensed daycare center, or any other child care facility is located.” Section 15-20-22(a)(1) addresses those cities in Alabama with dense populations. This section states:
“In the cities of Birmingham, Mobile, Huntsville, and Montgomery, the Chief of Police shall notify all persons who have a legal residence within 1,000 feet of the declared residence of the released criminal sex offender, and all public and private schools, licensed daycare centers, and any other child care facilities within three miles of the declared residence of the released criminal sex offender, that the criminal sex offender will be establishing his or her residence.”
(Emphasis added.) The emphasized portion of the statute was added in the 1998 amendment of this code section.
Section 15-20-22(g) provides: “No criminal sex offender shall be allowed to establish a residence or any other living accommodation where a minor resides.”

. This section states, in part, "All appeals under this chapter [Chapter 15, Juvenile Proceedings] shall take precedence over all other business of the court to which the appeal is taken."