LONG, Presiding Judge.
The petitioner, C.M.,[1] filed this petition for a writ of mandamus, directing this Court to order the Honorable Sandra Ross Storm, circuit judge for the Tenth Judicial Circuit, to stay enforcement of the Community Notification Act (hereinafter referred to as “the Act” and codified at § 15-20-20 et seq., Code of Alabama 1975), as that Act applied to him. In 1996, C.M., a mentally retarded 13-year-old, was adjudicated delinquent on the underlying offense of rape. C.M. was placed in the custody of the Alabama Department of Youth Services and was ordered to participate in a sexual offender treatment program. In August 1998, after C.M. had successfully completed the terms of his sentence, he was released to the custody of his mother. After the trial court was notified that the Act, as amended effective August 1, 1998, applied to juvenile offenders, C.M. was transported to the sheriffs department to undergo DNA testing. See § 15-20-21(k), Code of Alabama 1975. C.M. moved to stay enforcement of the Act, Judge Storm denied the motion, and this petition for the writ of mandamus followed.
C.M. argues in his petition that the Act violates his constitutional rights; he says that the Act is an ex post facto law, that it violates his due process rights, and that it “negatively and unfairly impact[s][his] family.” He also requested that we direct the trial court to hold a full hearing on the issues raised in the petition.
On receipt of C.M.’s petition, we stayed enforcement of the Act temporarily, ordered the respondent to answer the allegations contained in the petition, and set the case for oral argument. After hearing oral argument, we directed Judge Storm to hold an evidentiary hearing and to make written findings of facts concerning the allegations raised in the petition.
Judge Storm has filed her written findings with this Court. Judge Storm found the Act to be unconstitutional as it applied to juveniles. Judge Storm held that the Act violated the ex post facto clause of the Federal Constitution in that a 1998 amendment to the Act (see Act No. 98-489, Ala.' Acts 1998) created a penalty that was not proscribed when C.M. was adjudicated delinquent in 1996. Judge Storm also determined that the Act was unconstitutionally vague as to its residency and notification requirements.
A review of the petition filed in this case and Judge Storm’s findings reflect that C.M. has received the relief he requested in his petition for the writ of mandamus. Judge Storm held that the Act as it applied to juveniles was unconstitutional as applied in this case, and there is therefore, no need to stay its enforcement. The petition is now moot.
As we stated in Ex parte C.D.M., 727 So.2d 897 (Ala.Cr.App.1999), “We recognize the seriousness of the issues presented in this case and the widespread implications of Judge Storm’s holding. However, this Court has no authority to review the’ merits of Judge Storm’s ruling on the petition for the *900 writ of mandamus.” We also note that the State has filed a direct appeal challenging Judge Storm’s ruling that the Act was unconstitutional as applied to C.M. That appeal is currently pending before this Court (docket no. CR-98-451). We further note that we are required to expedite juvenile appeals. See § 12-15-120(a), Code of Alabama 1975.[2]
For the foregoing reasons, this petition for a writ of mandamus is due to be dismissed.
PETITION DISMISSED.
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.

. We are today also releasing an opinion in a case styled Ex parte C.D.M., 727 So.2d 897 (Ala.Cr.App. 1999). The youthful offender in that case is unrelated to C.M.

. This section states, in part, "All appeals under this chapter [Chapter 15, Juvenile Proceedings] shall take precedence over all other business of the court to which the appeal is taken.”